**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

AARON CHARLES BROWN,

                Plaintiff,

vs.

NANCY A. BERRYHILL,
Acting Commissioner, Social Security
Administration,

                Defendant.

Case No. 16-CV-287-FHM

## OPINION AND ORDER

Plaintiff, Aaron Charles Brown, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1]  In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994).  Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1]  Plaintiff's October 29, 2012, application for disability benefits was denied initially and on reconsideration.  A hearing before Administrative Law Judge ("ALJ") John W. Belcher was held July 2, 2014. By decision dated September 20, 2014, the ALJ entered the findings that are the subject of this appeal.  The Appeals Council denied Plaintiff's request for review on March 22, 2016.  The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 35 years old on the alleged date of onset of disability and 40 on the date of the ALJ's denial decision He has a high school education with some college education and formerly worked as a non commissioned officer in the Navy and switch gear technician. He claims to have been unable to work since March 3, 2010 as a result of back pain, status post L5-S1 fusion and degenerative disc disease, bilateral wrist pain, pain in both knees and status post two ACL reconstructions of the left knee, obesity, depression, and anxiety.

## The ALJ's Decision

The ALJ determined that Plaintiff retains the residual functional capacity (RFC) to lift/carry or push/pull 20 pounds occasionally or 10 pound frequently. In an 8-hour day the ALJ found Plaintiff can stand/walk for 6 hours and can sit for 6-8 hours. He can occasionally climb stairs, balance, bend/stoop, kneel, crouch and crawl. He cannot climb ladders ropes, or scaffolds. He can engage in frequent bilateral fingering, handling, and feeling. He requires an air-conditioned work environment. He can perform simple,

repetitive tasks and some moderately complex tasks allowing semi-skilled work.  He is limited to superficial contact with coworkers, supervisors, and the public.  [R. 13].

Although Plaintiff is unable to perform his past relevant work, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations.  The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegation

Plaintiff asserts that the ALJ committed reversible error by failing to properly evaluate the opinion of his treating physician, Dr. Cornell.

## Analysis

An ALJ is required to give controlling weight to a treating physician's opinion if the opinion is both: (1) well supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) consistent with other substantial evidence in the record. *Branum v. Barnhart*, 385 F.3d 1268, 1275 (10th Cir. 2004).  "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." *Watkins v.* Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003).  Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." *Id.* (quotation omitted).  If the ALJ rejects the opinion completely, specific legitimate reasons must be

given for doing so.  *Miller v. Chater*, 99 F.3d 972, 976 (10th Cir. 1996), *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987).

The record contains a Medical Source Statement of Ability to do Work-Related Activities (physical) completed on June 26, 2014 by Plaintiff's treating physician, Earl G. Cornell, M.D.  [R. 1413-1414].  The ALJ accurately summarized Dr. Cornell's opinion as defining Plaintiff as being very limited.  [R. 15].  Dr. Cornell indicated Plaintiff could occasionally lift 10 pounds and frequently lift less than 10 pounds.  He could stand/walk for 30 minutes at one time for a total of less than 2 hours in an 8-hour workday.  He could sit for 1 to 2 hours at a time for a total of less than 2 hours in an 8-hour workday.  Dr. Cornell also noted that Plaintiff required a one-point cane for ambulation.  He stated that he could not perform a job on a continuing and sustained basis because of chronic back pain and the need to change positions frequently.  He estimated that Plaintiff would frequently miss work three or more times a month due to chronic back pain.  [R. 1413-1414].

The ALJ stated he gave Dr. Cornell's opinion very little weight.  The ALJ stated:

> Dr. Cornell's source statement conflicts with VA treatment records showing the claimant gave no objective evidence of painful motion in repetitive range of motion testing.  He had the full range of forward flexion and extension (Exhibit 4F, page 209).  There was no indication of radiculopathy in the claimant from his signs and symptoms (Exhibit 4F, page 214).  Mr. Brown reported progressively worsening pain in his left knee. Yet, he denied any incapacitating episodes related to knees. He also did not claim to have any flare-ups of pain impacting the knees' functioning (Exhibit 4F, pages 230-231).

[R. 15-16].  The court finds that the ALJ did not give legitimate reasons, that is reasons supported by substantial evidence, for rejecting the opinion of Dr. Cornell.

Dr. Cornell's Medical Source Statement was dated June 26, 2014. The VA treatment records by Dr. Page upon which the ALJ relied were dated November 23, 2012. A similar VA evaluation of Plaintiff's capabilities was conducted on January 22, 2014, much closer to the date of Dr. Cornell's statement. That evaluation is contrary to the records relied on by the ALJ and contrary to the statements made by the ALJ in support of his rejection of Dr. Cornell's statement.

The January 22, 2014 evaluation showed considerable limitation in the range of motion in Plaintiff's back, [R. 1262-1263], an abnormal gait was observed, [R. 1264], positive straight leg raising on the left was recorded, [R. 1265], there was radiculopathy in the left lower extremity, *Id.*, and Plaintiff's regular use of a cane was noted, [R. 1266]. Donald. Cohen, M.D., the physician who conducted the January 22, 2014 testing for the VA, concluded that Plaintiff's back condition impacted his ability to work, [R. 1267]. The ALJ did not mention any of Dr. Cohen's findings in his evaluation of Dr. Cornell's statement, or in evaluating Plaintiff's RFC. Although an ALJ need not discuss every piece of evidence in the record, he must "discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Clifton v. Chater,* 79 F.3d 1007, 1009-10 (10th Cir.1996). The court finds that Dr. Cohen's January 2014 evaluation was significantly probative evidence that the ALJ erroneously failed to discuss in connection with making the RFC finding and in evaluating Dr. Cornell's Medical Source Statement.

The court rejects the Commissioner's argument that the ALJ's decision should be affirmed because it was adequately supported by the record as whole which included the reports of Dr. Brian Snell and Dr. Johnson Gourd as well as by the opinions of the state agency consultants and the VA records of Dr. Page. The Commissioner's litany of

supportive evidence does not include the report of Dr. Cohen.  Dr. Cohen's evaluation is more recent than any of the reports relied on by the ALJ and the Commissioner.  Dr. Snell's report is dated September 13, 2011, Dr. Page's evaluation is dated November 2012, Dr. Gourd's consultative examination was performed in February 2013.  The opinions of the state agency consultants to whom the ALJ gave great weight were dated February 2013 and September 2013.  The most recent record considered by either of the state agency consultants was a consultative examination dated in March 2013.  [R. 67, 78].  Since none of the experts on whom the ALJ relied considered the January 2014 evaluation performed by Dr. Cohen, it cannot be said that the ALJ's conclusion is supported by the record as a whole.  Furthermore, Dr. Cohen's evaluation directly contradicts the ALJ's statement that "[n]othing in the subsequent records shows a reversal in the claimant's improved condition" reported to Dr. Snell in 2011.  [R. 15].

For the reasons specified, the court finds that the ALJ's decision must be reversed and the case remanded for further consideration.

## Conclusion

The ALJ's decision is REVERSED and the case is REMANDED for further proceedings as specified herein.

SO ORDERED this 6th day of June, 2017.


_Frank H. McCarthy_

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE