# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

AARON CHARLES BROWN,   )
                       )
        Plaintiff,     )
                       )
v.                     )    Case Number 16-CV-287-FHM
                       )
NANCY A. BERRYHILL, Acting )
Commissioner, Social Security )
Administration,        )
                       )
        Defendant.     )

**OPINION AND ORDER**

Plaintiff's Counsel's Motion for Attorney Fees under 42 U.S.C. § 406(b), [Dkt. 29], is before the court. The Commissioner has no objection to Plaintiff's motion. [Dkt. 30]. Counsel has represented that the motion for fees and the notice required by General Odrer 07-06 have been mailed by regular and certified mail to Plaintiff and that she has not responded to counsel's attempts to obtain her response to the motion for fees. [Dkt. 32]. The undersigned finds that by failing to respond, Plaintiff has waived any objection she might have expressed concerning counsel's motion for fees under 42 U.S.C. § 406(b).

On June 6, 2017, the court remanded this case to the Commissioner for further administrative action. [Dkt. 19]. On August 18, 2017, Plaintiff's counsel was awarded EAJA fees in the amount of $6,428.80. [Dkt. 26]. The Notice of Award dated July 18, 2018 indicated that the agency withheld $6,000.00 for payment of 406(b) attorney fees. Plaintiff's counsel seeks attorney fees in the amount of $15,030.00 for legal work performed before the court on the merits.

In *McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006), the Court ruled that attorney fees are awardable under 42 U.S.C. § 406(b)(1) when the Social Security

Administration awards disability benefits to a claimant following a remand from the federal court. In such a circumstance the authority of Fed. R. Civ. P. 60(b)(6) is employed to allow counsel to seek fees under § 406(b)(1) long after the usual fourteen days allotted by Fed. R. Civ. P. 54((d)(2)(B)(I) for filing a motion for attorney fees has expired. *McGraw*, 450 F.3d at 505. On March 30, 2017 the court granted counsel's motion to extend the date for filing the motion for fees under § 406(b) until 60 days after the Notice of Award was issued. [Dkt. 30]. The motion for fees is timely filed.

42 U.S.C. § 406(b)(1)(A) provides that a court may award "a reasonable fee . . . not in excess of 25 percent of the . . . past due benefits" awarded to the claimant. The fee is payable "out of, and not in addition to, the amount of the [the] past-due benefits." Section 406(b)(1)(A) does not replace contingency fee agreements between Social Security claimants and their counsel. Instead, that section requires the district court to review contingency fee agreements as an "independent check" to assure that the agreement yields a reasonable result. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 122 S.Ct. 1817, 1828, 152 L.Ed.2d 996 (2002). Section 406(b) provides a boundary that agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. *Id.*

The court concludes that the requested fee award of $15,030.00 which is 25% of the amount of back benefits Plaintiff will receive and less than the 25% of Plaintiff's past due benefit award as reflected in the record submitted is reasonable. That award comports with the contract between counsel and Plaintiff and is within the statutory limits of §406(b). The fee yields an hourly rate of approximately $394.48 per hour for 38.1 hours of work performed before the district court, which does not amount to a windfall. When the amount

of the EAJA fee award, $6,428.80, is returned to Plaintiff in accordance with *Weakley v. Brown*, 803 F.2d 575, 580 (10th Cir. 1986), the net result is an out-of-pocket payment from Plaintiff of $8,601.20 which is 14.3% percent of his past due benefits.

Plaintiff's Attorney's Motion for Attorney Fees Under 42 U.S.C. § 406(b), [Dkt.29], is GRANTED as follows:

Counsel is awarded $15,030.00 to be paid from Plaintiff's past due benefits being withheld by the Commissioner for attorney fees. In accordance with *Weakley v. Brown,* 803 F.2d 575, 580 (10th Cir. 1986), upon receipt of payment, counsel is required to refund $6,428.80 to Plaintiff, which is the amount of the EAJA award.

SO ORDERED this 21st day of September, 2018.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE